IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERARDO HERRERA-GONZALEZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-02-5709 OWW (No. CR-F-98-5183 OWW)  ORDER DENYING PETITIONER'S MOTION FOR ORDER GRANTING PERMISSION TO MODIFY GROUND FOUR AND TO FILE SUPPLEMENTAL POINTS AND AUTHORITIES (Doc. 225), DIRECTING CLERK OF COURT TO CHANGE PETITIONER'S ADDRESS ON DOCKET AND SERVE PETITIONER WITH DOCS. 220 AND 221 |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

On June 11, 2002, petitioner Gerardo Herrera-Gonzalez filed a timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Ground Four of the motion asserted that petitioner was denied the effective assistance of counsel because counsel "fail[ed] to object to the failure of the indictment to show all elements of the offense charged."

By Order filed on September 4, 2003, petitioner's motion for

1

relief with respect to Ground Four was denied.  The United States was ordered to respond to the other grounds for relief asserted in the motion.  (Doc. 208).  By Order filed on June 15, 2004, petitioner's Section 2255 motion was denied and judgment for respondent was entered on June 16, 2004.  Petitioner was served by mail with the June 15, 2004 Order and the June 16, 2004 Judgment.  However, service was returned with the notification "return to sender - gone" on June 28, 2004.  Petitioner did not file a notice of change of address.

Service on petitioner was effective pursuant to Rule 83-182(f), Local Rules of Practice.[1]

On August 16, 2005, petitioner filed a "Motion for Order Granting Permission to Modify Ground Four, and To File Supplemental Memorandum of Points and Authorities."  In this motion, petitioner asserts: "[P]etitioner was at the BOP facility in Lompoc, California when he filed his initial pleading. Petitioner is presently at FCI Safford, in Safford, Arizona, having been transferred here in April, 2004."  Petitioner seeks

---

[1] Rule 83-182(f), Local Rules of Practice, provides in pertinent part:

> Each ... party appearing <u>in propria persona</u> is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number ... of the party if appearing <u>in propria persona</u>.  Absent such notice, service of documents at the prior address of the ... party shall be fully effective.  Separate notice shall be filed with the Clerk and served on all parties in each action wherein an appearance has been made.

to amend Ground Four to read "<u>United States v. Booker/Ameline III render Petitioner's Sentence Void, Ab Initio</u>."

The relief requested in petitioner's motion is futile and does not change the conclusion in the September 4, 2003 Order. The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply retroactively to cases on collateral review. *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1181 (2006). *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005), has no application to petitioner because *Ameline* is limited to cases on direct appellate review that were pending when *Booker* was decided.

ACCORDINGLY, as set forth above:

1. Petitioner's "Motion for Order Granting Permission to Modify Ground Four, and To File Supplemental Memorandum of Points and Authorities" is DENIED.

2. The Clerk of the Court is directed to enter petitioner's address on the docket:

>     Gerardo Herrera-Gonzalez
>     #58363-097
>     FCI Safford
>     P.O. Box 9000
>     Safford, AZ 85548

The Clerk of the Court is directed to serve Docs. 220 and 221 on petitioner at this address.

IT IS SO ORDERED.

**Dated:   November 9, 2006**              /s/ Oliver W. Wanger
668554                                    UNITED STATES DISTRICT JUDGE

3